UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORION CUFFE<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WACHOVIA MORTGAGE<br>CORPORATION; et al.,<br><br>　　　　　Defendants. | 3:11-cv-0525-LRH-WGC<br><br>ORDER |

Before the court is plaintiff Orion Cuffe's ("Cuffe") motion for a preliminary injunction. Doc. #23.[1]

**I.    Facts and Background**

On September 12, 2007, Cuffe purchased real property through a mortgage note and deed of trust executed by non-party World Savings Bank ("WSB"). Cuffe defaulted on the loan and defendants initiated non-judicial foreclosure proceedings. During the foreclosure process Cuffe allegedly entered into a loan modification program with defendant Wachovia Mortgage Corporation ("Wachovia"). However, during that process defendants allegedly continued with the foreclosure proceedings.

Subsequently, Cuffe filed a complaint against defendants alleging a single cause of action

---

[1] Refers to the court's docket number.

for violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598 et seq. Doc. #1, Exhibit B. Along with his complaint, Cuffe filed the present motion for a preliminary injunction. Doc. #23.

**II.     Discussion**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A court may only grant a preliminary injunction upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) irreparable harm will result in the absence of an injunction; (3) the balance of equities favors an injunction; and (4) an injunction is in the public's interest. *Winters v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted); *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

Here, Cuffe contends that he is entitled to a preliminary injunction stopping the pending foreclosure because defendants violated NRS 598 by not being true beneficiaries under the original deed of trust. *See* Doc. #23. Specifically, Cuffe argues that Wachovia cannot foreclosure on the property because it has not produced an assignment of the original deed of trust and that he is in the process of receiving a loan modification.

The court has reviewed the documents and pleadings on file in this matter and finds that Cuffe's motion for a preliminary injunction is without merit. First, Cuffe has failed to establish that he is likely to succeed on his claim for violation of NRS 598. In the complaint, Cuffe only makes conclusory allegations concerning defendants' activities without identifying which sections of NRS 598 defendants have violated or how they violated those sections. Second, Wachovia is the successor in interest to WSB, not an assignee, and thus maintains the same interest WSB held in the original note including the right to initiate non-judicial foreclosure proceedings. Doc. #11, Exhibit 2. Finally, as to Cuffe's claim that Wachovia is continuing with the non-judicial foreclosure

even though he is a loan modification program, the court finds that Cuffe has failed to show the existence of a binding loan modification or that Wachovia made representations that it would forestall the foreclosure while he was in the loan modification process. Therefore, the court finds that Cuffe is not likely to succeed on the merits of his complaint and shall deny his motion for a preliminary injunction accordingly.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Doc. #23) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE