UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ORION CUFFE

        Plaintiff,

v.

WACHOVIA MORTGAGE CORPORATION; et al.,

        Defendants.

3:11-cv-0525-LRH-WGC

ORDER

Before the court is defendant Wachovia Mortgage's ("Wachovia") motion to dismiss. Doc. #35.[1] Plaintiff Orion Cuffe ("Cuffe") did not file an opposition.

On September 12, 2007, Cuffe purchased real property through a mortgage note and deed of trust executed by non-party World Savings Bank ("WSB"). Cuffe defaulted on the loan and defendants initiated non-judicial foreclosure proceedings. During the foreclosure process Cuffe allegedly entered into a loan modification program with defendant Wachovia Mortgage Corporation ("Wachovia"). However, during that process defendants allegedly continued with the foreclosure proceedings.

Subsequently, Cuffe filed a complaint against defendants alleging a single cause of action for violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598 et seq. Doc. #1,

---

[1] Refers to the court's docket number.

Exhibit B. Thereafter, Wachovia filed the present motion to dismiss (Doc. #35) to which Cuffe did not respond.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Cuffe's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Moving defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiff because Cuffe has shown an unwillingness to continue litigating his complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #35) is GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE